

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
~~XXXXXXXXXXXXXXXX~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable L. L. Roberts
County Auditor
Hutchinson County
Stinnett, Texas

Dear Sir:

Opinion Number 0-5223

Re: Whether moneys in county
lateral road fund may be
invested in obligations of
the United States of America.

We have received your letter of April 14, 1943, in which you ask the opinion of this department upon the following question:

"Does the County have legal authority to invest money in the Lateral Road Fund of the County in 'United States of America 7/8 Percent Treasury Certificates of Indebtedness of Series B-1944', or other U. S. bonds?"

Article 6674Q-8 (c), Vernon's Annotated Civil Statutes, provides as follows:

"It shall be unlawful for any county judge or any county commissioner, while acting in his official capacity or otherwise, to use any money out of the lateral road account for any purpose except the purposes enumerated in this Act. If any county judge or any county commissioner shall knowingly expend or use, or vote for the use or agree to expend or use any sum of money accruing to any county in this state from the lateral road accounts, for any purpose not authorized by this Act, or shall knowingly make any false statement concerning the expenditure of any such money, he shall be deemed guilty of a felony and upon conviction shall be punished by confinement in the State Penitentiary for not less than two (2) years nor more than five (5) years."

On October 15, 1942, this department in Opinion No. O-4906 ruled that, in view of Article 6678Q-8(c), money in the lateral road fund of a county may not be invested in United States War Savings Bonds. Unless our statutes have been changed, we must hold that the rule of law announced in Opinion No. O-4906 is applicable to your question and compels a negative answer.

The Forty-eighth Legislature, now in session, passed Senate Bill No. 199, which bill was approved by the Governor on April 12, 1943. Section 1 of Senate Bill No. 199 authorizes the investment of State funds in obligations of the United States under certain conditions. Section 2 of said bill applies to the political subdivisions of the State and provides as follows:

"That any political subdivision of the State of Texas which heretofore has issued and sold bonds and is unable to obtain labor and materials to carry out the purpose for which the bonds were issued may invest the proceeds of such bonds now on hand in defense bonds or other obligations of the United States of America; provided, however, that whenever war time or any other regulations shall permit such political subdivisions to acquire the necessary labor and materials, the obligations of the United States in which said proceeds are invested shall be sold or redeemed and the proceeds of said obligations shall be used for the purpose for which the bonds of any such political subdivision were authorized."

You will notice that Section 2 is limited in scope to the proceeds of bonds which have heretofore been issued but which proceeds can not be used to carry out the purpose for which the bonds were issued because of lack of materials and labor. Section 2, therefore, does not affect the situation under consideration, nor does it change the principles of law announced in Opinion No. O-4906. You are, therefore, respectfully advised that your question is answered in the negative.

A copy of Opinion No. O-4906 is herewith enclosed.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ George W. Sparks
George W. Sparks
Assistant

GWS-s

Encl.

APPROVED APR 22, 1943
/s/ Grover Gillen
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION COMMITTEE
By /s/ BWB
CHAIRMAN

O.K. C.C.R.